IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | |
| ONE GLOCK, MODEL 19GEN5 PISTOL, ) | **Civil No. 3:23-cv-165** |
| SERIAL NUMBER AGVX786, AND ONE ) | |
| ROMARM/CUGIR, MODEL MICRO ) | |
| DRACO PISTOL, SERIAL NUMBER ) | |
| ROA 22 PMD-31391 ) | |

## **VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

NOW COMES the United States of America, Plaintiff herein, by and through Dena J. King, United States Attorney for the Western District of North Carolina, in a civil cause of forfeiture, and respectfully states the following:

### **INTRODUCTION AND NATURE OF THE ACTION**

1. This is a civil action *in rem* against a Glock 19 Gen5 pistol, serial number AGVX786, and a Romarm/Cugir Micro Draco pistol, serial number ROA 22 PMD-31391, seized on November 9, 2022 (together, the "Firearms).

2. During the course of an investigation into firearms being stolen from the mail, Ward Staton—a United States Postal Service (USPS) employee—admitted in an interview with federal agents to (1) profiling packages sent via USPS that he believed contained marijuana in them; (2) stealing (at least) one package of marijuana from the mail; (3) using marijuana; (4) purchasing marijuana to distribute; and (5) selling marijuana.[1] A voluntary search of Staton's residence at the time of the

---
[1] Staton's current employment status with USPS is absent without leave, pending administrative action.

interview uncovered 2.6 pounds of marijuana and the Firearms.

3. Staton's own admissions make forfeiture of the Firearms straightforward. First, the Firearms are subject to forfeiture pursuant to 18 U.S.C. § 924(d) because they were involved in a knowing violation of 18 U.S.C. § 922(g)(3), which makes it unlawful for any person who is an unlawful user of, or addicted to, any controlled substance—here, Ward Staton—to possess in or affecting commerce a firearm.

4. Additionally and alternatively, the Firearms are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11) because they were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance.

5. Procedures for this action are mandated by 18 U.S.C. § 981, 18 U.S.C. § 983, 19 U.S.C. §§ 1602-1621, and, to the extent applicable, the Federal Rules of Civil Procedure and accompanying Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this matter by virtue of 28 U.S.C. §§ 1345 and 1355. These statutes confer original jurisdiction to federal district courts of all civil actions, suits, or proceedings commenced by the United States and any action for the forfeiture of property incurred under any act of Congress.

7. Venue is proper pursuant to 28 U.S.C. § 1395 because the Firearms were seized in the Western District of North Carolina and are now within the Western

District of North Carolina.

8. Based on the following facts, verified by Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) Special Agent (SA) Sean Solomon, this action seeks the forfeiture of all right, title, and interest in the Firearms.

## FACTS GIVING RISE TO FORFEITURE

9. In late 2022, ATF and USPS-OIG were investigating the theft of firearms during their transit through the USPS.

10. During the course of that investigation, federal law enforcement arrived at Staton's residence on November 9, 2022 to interview him.

11. At the time, Staton was a USPS employee who worked as a mail handler at a processing and distribution center, and text messages obtained by law enforcement between Staton and another USPS employee indicated knowledge of mail theft.

12. Staton answered the door and invited law enforcement into the residence.

13. Shortly after law enforcement entered, USPS-OIG SA Asa Gravely followed Staton as he walked into one of the apartment's bedrooms. Staton then picked up a firearm (later identified as the Glock referenced above). Staton was ordered to drop the firearm, and the situation was deescalated without incident.

14. After Staton consented to a safety frisk, law enforcement asked if there were any other guns in the residence that the agents needed to be aware of, to which Staton (falsely/incorrectly) replied there were not.

15. Staton was given a Garrity Warning and signed an acknowledgement statement.

16. The interview was recorded by audio, and conducted primarily by USPS-OIG, with the assistance of ATF.

17. During the course of the interview, Staton admitted to looking for "suspicious" packages in the mail while working at the USPS processing and distribution center, and that by "suspicious" packages, he was targeting packages containing marijuana.

18. To that end, Staton agreed with law enforcement's comment that "no one was going to come looking for weed packages going missing."

19. When prompted with the fact that the USPS processing and distribution center had cameras inside it, Staton admitted to stealing marijuana from at least one package in the mail.

20. Staton also stated that sometimes he could just smell marijuana coming from a package, and the box could be opened and taped back up in the distribution center—*i.e.* allowing for the removal of the package's contents without removing it from its pathway through the mail.

21. Staton admitted to smoking marijuana and having it in his residence.

22. Staton eventually stated he had another firearm in residence contained in a bag, and after a consent search of the residence, law enforcement discovered the Micro Draco pistol and the 2.6 pounds of marijuana:






23. Staton admitted that he purchased marijuana to sell it, and sold it to make additional income. Staton gave specific examples of his drug trafficking, such as recently selling a quarter pound of marijuana for $400.

24. At the conclusion of the interview, law enforcement seized the Firearms.

25. The Firearms were manufactured outside of the State of North Carolina,

5

meaning they were involved in interstate and/or foreign commerce.

26. ATF sent notice of its intent to administratively forfeit the Firearms to Staton, who filed an administrative claim to each, prompting the instant judicial action.

**FIRST CLAIM FOR RELIEF – THE FIREARMS**
**(18 U.S.C. § 924(d))**

27. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 26 above as if fully set forth herein.

28. The Firearms are subject to forfeiture pursuant to pursuant to 18 U.S.C. § 924(d) because they were involved in a knowing violation of 18 U.S.C. § 922(g)(3), which makes it unlawful for any person who is an unlawful user of, or addicted to, any controlled substance to possess in or affecting commerce a firearm.

29. Upon information and belief, the following persons may claim an interest in the Firearms seized on November 9, 2022:

- Ward Staton

**SECOND CLAIM FOR RELIEF – THE FIREARMS**
**(21 U.S.C § 881(a)(11))**

30. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 29 above as if fully set forth herein.

31. The Firearms are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(11) because they were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of a controlled substance or listed chemical in violation of 21 U.S.C. §§ 841 and/or 846.

32. Upon information and belief, the following persons may claim an

interest in the Firearms seized on November 9, 2022:

- Ward Staton

## CONCLUSION AND PRAYER FOR RELIEF

33. By virtue of the foregoing, all right, title, and interest in the Firearms vested in the United States at the time of the commissions of the unlawful act giving rise to forfeiture, 18 U.S.C. § 981, and has become and is forfeitable to the United States.

WHEREFORE, the United States of America respectfully prays the Court that:

1. A warrant for the arrest of the Firearms be issued;

2. Due notice be given to all parties to appear and show cause why the forfeiture should not be decreed;

3. Judgment be entered declaring the Firearms be condemned and forfeited to the United States of America for disposition according to law; and

4. The United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action, including but not limited to the expenses of maintenance and protection of the Firearms as required by 28 U.S.C. § 1921.

Respectfully submitted this 17th day of March, 2023.

    DENA J. KING
    UNITED STATES ATTORNEY

    /s/ Seth Johnson
    J. Seth Johnson
    Texas Bar No. 24083259
    Assistant United States Attorney
    Suite 1650, Carillon Building
    227 West Trade Street
    Charlotte, North Carolina 28202
    Telephone: (704) 338-3159
    Email: seth.johnson@usdoj.gov

## **VERIFICATION**

I declare under penalty of perjury that the factual information contained in the foregoing Complaint is true and correct according to the best of my knowledge, information, and belief.

Executed on the 17th day of March, 2023.

/s/Sean Solomon
Sean Solomon
ATF Special Agent
